## Case No. 6,095.

### The HARRIET.

[Olc. 184.] [1]

District Court, S. D. New York. Sept., 1845.

#### RULES OF COURT—COSTS.

1. Under the rule of this court, in suits in rem for services on board of vessels on the North river, a libellant cannot recover costs when less than $50 is in demand, if he had a clear remedy therefor known to him, in the local courts.

2. The onus is upon the claimant to show that the libellant had such remedy, to entitle himself to a decree for costs.

3. The object of this rule was to prevent an unnecessary resort to the expensive proceedings in rem. It will not be so enforced as to compel the mariner to resort to the local courts only in case his remedy there is convenient and sure.

4. A similar doctrine prevails in the civil law, and is also employed as a means for preventing the creation of costs unnecessarily in the prosecution of demands.

In admiralty.

Mr. Marbury, for libellant.
Mr. Shufeldt, for claimant.

BETTS, District Judge. The libellant sues in rem by a summary proceeding, to recover wages earned by his son, a minor, as a hand on board the schooner Harriet, making trips from Saugerties, Ulster county, to Troy, Albany, Hudson, New-York, Brooklyn, and some other ports on the East river. The testimony of the boy proves the services to have been rendered, and that $17.25 is due for his wages. This evidence is corroborated by other witnesses, except as to the balance due. They were unable to testify to that point. The claimant attempted, by cross-examination of the boy and the exhibition of his own memorandum book, to prove that a larger amount of payments had been made him, but in this he was unsuccessful, and nothing was elicited to conflict with his evidence in chief as to the actual balance due.

Upon the facts proved, in my opinion there can be no doubt that the libellant is entitled to recover, as claimed, $17.25, with interest from the first of August last. Indeed, this is not very seriously controverted by the counsel for the claimant, but the point most discussed and relied upon arises on the question, whether the libellant shall recover or pay costs in this court and in this form of action. It was proved by the boy, that the claimant, who is master and part owner of the schooner, lived in the same township with, and but four or five miles distant from the libellant, and that the libellant made the bargain personally with him for the services for which this suit has been instituted. The claimant further proved that he occupied a house and a small piece of land at that place, as owner, and had money at interest, $700 at one place and $200 at another. The rule enforced in this court in this respect is, in suits

in rem for services on board vessels upon inland waters of the state, the libellant shall not recover costs, if he had a clear remedy known to him, in the local law courts. Where the owner or master, hiring a mariner for that service, is of undoubted responsibility, and can be proceeded against conveniently by the mariner at his place of residence, and the seaman chooses to resort to the expensive process of the admiralty, his costs of suit should be borne by himself, and not be thrown upon the owner. The debt may be collected with equal celerity and certainty in a justice's court at a charge of a few shillings, as before this tribunal under the burthen of costs exceeding the amount of the debt. To show that his case does not fall within the principle of the practice, the libellant offered evidence of common report, and the opinion of the neighbors, that the claimant was largely in debt, and dilatory and evasive in satisfying obligations against him, and that it would be difficult to reach his property, if he actually owned any, by process from the local courts. The testimony is not so definite and direct as to establish the fact that debts could not be so collected from the claimant, but they afford a colorable cause or warrant for the libellant to attach the vessel in the first instance, and impose on the claimant the onus of showing that the other method would afford a sure remedy to the libellant, without his resorting to an attachment out of this court.

The testimony offered by the claimant tends to strengthen the doubt as to a clear remedy for the recovery of small debts against him at law. His brother testifies to his ownership and possession of the house and lot of land, but no evidence is offered that he had a dollar's worth of personal property, subject to execution, out of which the debt could be secured in case the libellant obtained judgment against him, and real estate is not bound by such judgment. He is not subject to imprisonment for the debt, and it is not made to appear that the libellant would be in a better condition to make the money by aid of a judgment in a justice's court than without one. He applied for payment three several times to the claimant personally without success, and under the circumstances, I am satisfied he was justified in taking his proceeding in the first instance against the vessel. A principle similar to that invoked by the claimant obtains in courts of civil law. If the defendant, upon being sued, pleads in limine litis, that no demand was made upon him for the debt before the institution of the suit; that he was, and still is, ready and willing to pay the demand claimed, he will not be mulcted in costs; but if no demand was made, and he defends the suit upon other grounds, he is liable for costs. Brown v. Saul, 4 Mart. (N. S.) 438; Howard v. The Columbia, 1 La. 420. The object of the rule was to prevent an unnecessary and wanton resort to the somewhat severe and expensive process allowed in ad-

miralty; but it would counteract the policy which protects a mariner's earnings, to put him to the expense and delay of a suit at law, in order to ascertain whether he could, in that way, recover the wages due him. He should rightly and in equity be restricted to that method only in case his remedy thereby is convenient and sure. I shall, therefore, order a decree to be entered up for the libellant for the wages as above stated, with summary costs to be taxed.